JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NAT'L ASSOC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ED BAUMANN, et al., ) <br> ) <br> Defendants. ) | Case No. CV 14-1597 FMO (MANx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

On March 4, 2014, Don Stevens ("defendant"), appearing pro se, having been sued[1] in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal ("NOR") of that action, presumably on federal question grounds pursuant to 28 U.S.C. § 1331. (See NOR & Exhibit ("Exh.") A (Complaint Face Page)).[2] Having reviewed the file in this case, the court hereby sua sponte remands the action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[3] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.,

---

[1] Defendant appears to be one of two or more individuals sued since he is not named in the caption of the complaint, (see Complaint Face Page), but does appear as the judgment debtor in the attached Writ of Execution. (See Writ of Execution attached to the NOR.)

[2] Defendant did not attach a complete copy of the state court complaint and only attached the face page, which discloses that it is a complaint for unlawful detainer. (See Complaint Face Page).

[3] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction.") (citation omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1-2 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte) (citations omitted).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citations omitted). "If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court." See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

Here, the court's review of the Notice of Removal and the Complaint Face Page makes it clear that this court does not have federal question jurisdiction. (See NOR at 2-3; Complaint Face Page). As an initial matter, plaintiff could not have brought this action in federal court since federal question jurisdiction is lacking. See 28 U.S.C. § 1441(a);[4] see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). The Complaint Face Page attached to the NOR refers to a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1161a. (See Complaint Face Page). Unlawful detainer actions do not arise under federal law. See Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, *2 (C.D.

---

[4] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

      Defendant "urges [the court] to recognize that the [p]laintiff is a collection agency or 'Debt Collector' as defined under the Fair Debt Collection Act § 1692K." (NOR at 3). Defendant points to the following provision of the Fair Debt Collection Practices Act (FDCPA): "An action to enforce any liability created by this title may be brought to any appropriate United States District Court without regard to the amount in controversy, or in any Court of competent jurisdiction, within one year from the date on which the violation occurs." (NOR at 3); see 15 U.S.C. § 1692k(d). Defendant appears to suggest by his reference to this language that the FDCPA confers federal question jurisdiction. (See NOR at 3) Defendant, however, has not stated or indicated that the state court complaint mentions the FDCPA. (See, generally, NOR). And while defendant failed to attach the entire state court complaint to the NOR, it does not appear from the Complaint Face Page that the complaint mentions the FDCPA since as noted above, the Complaint Face Page sets out a single cause of action for unlawful detainer. (See Complaint Face Page); Fed. Nat'l Mortgage Ass'n v. Rodriguez, 2013 WL 941800, *1 (S.D. Cal. 2013) ("The complaint does not contain a cause of action under the federal Fair Debt Collection Practices Act . . . nor does the complaint allege any other federal causes of action. Thus, the Court finds it lacks federal question jurisdiction over the matter.")

      Moreover, the provision to which defendant directs the court applies to lawsuits filed by persons aggrieved by debt collectors. See 15 U.S.C. § 1692k(a). Subsection (a) of § 1692k provides in part, "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person[.]" 15 U.S.C. § 1692k(a). Subsection (d), in turn, relates to the jurisdiction of such lawsuits, i.e., lawsuits brought by aggrieved persons against debt collectors. See 15 U.S.C. § 1692k(d). To the extent defendant is suggesting that he may have a defense to the unlawful detainer action pursuant to the FDCPA, the court would nonetheless lack subject matter jurisdiction. It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that

3

the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 (emphasis in original). Thus, to the extent defendant's defenses to the unlawful detainer action will be based on alleged violations of federal law, those defenses would not establish federal question jurisdiction. See id.; Deutsche Bank Nat'l Trust Co. v. Perez, 2012 WL 3027678, *3 (N.D. Cal. 2012) (defenses "based on alleged violations of the federal constitution . . . do not provide a basis for federal jurisdiction"); U.S. Bank v. Teratyatstryan, 2012 WL 1535453, *4 (C.D. Cal. 2012) (claim that plaintiff violated removing defendant's rights under the FDCPA "is a federal defense and . . . a case may not be removed to federal court on the basis of a federal defense[.]") (internal quotation marks omitted).

Accordingly, the court finds that it lacks subject matter jurisdiction to hear this case.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Santa Barbara County Superior Court, Santa Barbara Division, 1100 Anacapa St., Santa Barbara, CA 93101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 1st day of April, 2014.

/s/
Fernando M. Olguin
United States District Judge